(103 So. 186)

No. 24948.

**STATE v. E. I. YOUNG CO., Inc.**

(Feb. 2, 1925.)

*(Syllabus by Editorial Staff.)*

Licenses ⬯19(4)—Baker of cakes held "manufacturer" within constitutional exemption.

A company making only special brands of cakes entirely by machinery, except icing and wrapping, *held* a "manufacturer," under Const. 1913, art. 229, and exempt from paying tax under Act No. 171 of 1898, § 6, and Act No. 233 of 1920, § 8.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Manufacturer.] .

Appeal from First City Court, Parish of Orleans; Leon L. Labatt, Judge.

Proceeding by the State against the E. I. Young Company, Inc. Judgment for defendant, and plaintiff appeals. Affirmed.

H. G. McCall, of New Orleans, for the State.

Miller, Miller & Fletchinger, of New Orleans, for appellee.

LAND, J. The demand of the state tax collector for license taxes on the occupation of defendant company as a wholesale merchant was rejected by the court below, under a plea of exemption from the payment of said taxes by said company as a manufacturer of cakes.

The demand for the payment of license taxes for the years 1919, 1920, and 1921 was made by the state tax collector under section 6 of Act 171 of 1898, and section 8 of Act 233 of 1920, the general license laws of the state. The exemption from payment of the license taxes demanded is claimed by said company under article 229 of the Constitution of 1913, which exempts from the payment of such taxes "manufacturers other than those of distilled, alcoholic or malt liquors, tobacco, cigars, and cotton seed oil."

Defendant company was organized in the early part of the year 1920, has a capital invested of $135,000, and operates a modern baking plant in the city of New Orleans. Said company has in its employ an average of 55 persons during the year. ,

The processes of manufacturing cakes, from the mixing of the ingredients until the finished product is taken from the pans, are conducted wholly by machinery. The only hand labor used in the plant of said company is for icing and wrapping the cakes after they are baked. Defendant company makes a special brand of cakes, and does not manufacture or sell any other article.

In State v. Lanasa, 151 La. 706, 92 So. 306, we held that a baker, in whose establishment the various processes are conducted by electrically driven machinery is a "manufactur-

er," and is exempt from a license tax, under article 229 of the Constitution of 1913, though he bakes nothing but bread.

Under the facts before us, the present case is brought within the ruling in the Lanasa Case, and is controlled by it.

The rule taken by the state tax collector in this case was dismissed by the court below. The judgment appealed from is correct.

Judgment affirmed.