[No. 36278. Department One. April 18, 1963.]

GENERAL BAKING COMPANY, *Appellant*, v. THE STATE OF WASHINGTON, *Respondent*.*

*Skeel, McKelvy, Henke, Evenson & Uhlmann,* for appellant.

*The Attorney General* and *Timothy R. Malone, Assistant,* for respondent.

WEAVER, J.—Plaintiff (appellant) seeks to recover from the state certain business and occupation taxes paid under protest.

The sole question presented by this appeal is whether two phases of plaintiff's business operations are subject to

* Reported in 380 P. (2d) 727.

the wholesaling functions tax established by RCW 82.04-.270(2). The statute provides:

"The tax imposed by this section is levied and shall be collected from every person engaged in the business of distributing in this state articles of tangible personal property, owned by them from their own warehouse or other central location in this state to two or more of their own retail stores or outlets, where no change of title or ownership occurs, the intent hereof being to impose a tax equal to the wholesaler's tax upon persons performing functions essentially comparable to those of a wholesaler, but not actually making sales: . . ."

Plaintiff, doing business in this state as Van de Kamp's Holland Dutch Bakers, Inc., was, during the tax assessment period in question, engaged in baking and selling "fancy baked goods, such as bread, pies, cookies, cakes, and selected items." Its bakery products were baked in a central bakery, owned and operated by plaintiff, delivered daily, and sold exclusively through 92 retail store locations owned or leased by plaintiff.

After distribution of the bakery products to retail outlets, three different methods of accounting were used:

*First*: In locations leased from the Tradewell chain stores, the market owner collected the purchase price and retail sales tax for purchases of plaintiff's baked goods. The market owner reported and paid to the state the retail sales tax and the business and occupation tax attributable to the sale of plaintiff's bakery products. Plaintiff paid a "wholesaling" business and occupation tax upon the proceeds of the sales from the Tradewell locations. The proceeds from these sales are not the subject of the contested assessment.

*Second*: Plaintiff's leased retail outlets in retail grocery markets, other than Tradewell, were staffed and operated by plaintiff's employees. As plaintiff's bakery goods were sold, the market owner collected the purchase price and retail sales tax at the market check stands. The purchase price and sales tax were, in turn, remitted or credited weekly to plaintiff who then paid to the state the sales tax and the retail business and occupation tax upon this retail activity.

*Third:* Retail stores owned and operated by plaintiff paid to the state retail sales tax and the retail business and occupation tax upon its retail activity.

The contested tax assessment was made upon the transfer and delivery of baked goods from its central bakery to leased retail locations and to stores owned by plaintiff.

Plaintiff appeals from a judgment dismissing its action for a refund of the tax involved.

To our mind, RCW 82.04.270(2), quoted *supra,* is tailor-made for the factual pattern presented. Plaintiff distributes tangible personal property owned by it from a central location to two or more of its retail outlets; no change of title or ownership occurs. The "intent" clause of the statute removes any ambiguity (although we believe none exists) from the phrase " . . . engaged in the business of distributing . . ."

Our conclusion that the judgment must be affirmed is buttressed by our recent decision in *Standard Oil Co. v. State,* 57 Wn. (2d) 56, 355 P. (2d) 349 (1960); cert. den. 365 U. S. 859, 5 L. Ed. (2d) 823, 81 S. Ct. 827 (1961). Factually, the case cannot be distinguished from the instant one, except in one respect, which is discussed *infra.*

The oil company brought its products into the state and deposited them in terminal storage plants from which they were thereafter distributed to 152 bulk stations or plants within the state; 58.2 per cent of the dollar value of the products handled by the bulk plants was sold or transferred for resale to retail service stations, dealers, jobbers and co-operatives. The wholesale tax was paid on these transactions.

The remainder of the products was sold from the bulk stations to the ultimate consumer. Retail sales taxes were paid on these sales.

On the latter transactions we sustained the ruling of the tax commission

" . . . that to the extent that retail sales were made from the bulk plants, they were 'retail stores or outlets' within the meaning of RCW 82.04.270(2), [quoted *supra*] and that the transfer of the plaintiff's products from its

terminals to its bulk plants, to the extent that those products were later sold directly to consumers, was a wholesale function within the meaning of that statute."

The same reasoning controls the instant case.

Finally, plaintiff argues that it is a manufacturer capturing its manufacturing profits when it sells at retail through its various retail outlets; hence, it is not liable for the wholesaling functions tax. We do not interpret RCW 82.04.440[1] in this manner.

We believe the statute contemplates that a person *may* be engaged in manufacturing, but may also be subject to the wholesaling functions tax; however, a taxpayer will not be liable for both taxes on the same commodity. This is accomplished in RCW 82.04.440 (quoted, footnote 1) by eliminating the manufacturing tax for one who is also engaged in wholesaling functions under RCW 82.04.270 (2) (quoted *supra*)—not by eliminating the wholesaling functions tax for one who is also engaged in manufacturing.

The judgment is affirmed.

HILL, FINLEY, and ROSELLINI, JJ., concur.

---

[1] "Every person engaged in activities which are within the purview of the provisions of two or more of sections RCW 82.04.230 to 82.04.290, [manufacturing activity] inclusive, shall be taxable under each paragraph applicable to the activities engaged in: *Provided,* That persons taxable under RCW 82.04.250 or 82.04.270 [wholesaling and wholesaling functions] shall not be taxable under RCW 82.04.230, 82.04.240 or subsection (2) or (3) of RCW 82.04.260 with respect to extracting or manufacturing of the products so sold, and that persons taxable under RCW 82.04.240 shall not be taxable under RCW 82.04.230 with respect to extracting the ingredients of the products so manufactured."