531 P.2d 197

**MEREDITH CORPORATION, dba KPHO Radio and Television, Appellant,**

v.

**STATE TAX COMMISSION of Arizona, Appellee.**

**No. 1 CA–CIV 2087.**

Court of Appeals of Arizona,
Division 2,
Department B.

Jan. 30, 1975.

Rehearing Denied March 6, 1975.

Review Denied April 8, 1975.

Shimmel, Hill, Bishop & Gruender, P. C. by Richard B. Johnson, Phoenix, for appellant.

Bruce E. Babbitt, Atty. Gen. by Mary Z. Chandler, Asst. Atty. Gen., Phoenix, for appellee.

OPINION

EUBANK, Judge.

This appeal presents only one question: whether a video tape recorder in use at a

television station is "equipment used directly in a processing operation" within the meaning of A.R.S. § 42–1409(B)1, and therefore exempt from the use tax imposed by A.R.S. § 42–1408.

Appellant is an Iowa corporation doing business in Arizona as KPHO Radio & Television. In connection with its television business, appellant purchased an Ampex Video Tape Recorder for use in its studio located at Phoenix, Arizona. This equipment enables appellant to record live programs and commercials on video tape and to later transmit the pre-recorded material. The State Tax Commission levied a use and excise tax of $2502 against appellant as a result of the purchase. Appellant paid the tax under protest and filed this action to contest the legality of the assessment. The superior court denied the exemption and this appeal followed.

A.R.S. § 42–1408 provides for the imposition of an excise tax on the storage, use or consumption of tangible personal property within Arizona. A.R.S. § 42–1409 provides a tax exemption for certain categories of property, and reads in pertinent part:

"B. In addition to the exemptions prescribed by the terms of subsection A, the following categories shall also be exempt:

1. Manufacturing or processing. Machinery or equipment used directly in manufacturing, processing, fabricating, job printing, refining or metallurgical operations. The terms 'manufacturing', '*processing*', 'fabricating', 'job printing', 'refining', and 'metallurgical' *as used in this paragraph refer to and include those operations commonly understood within their ordinary meaning.* 'Metallurgical operations' includes leaching, milling, precipitating, smelting and refining." (Emphasis added).

Appellant contends that a video tape recorder is equipment used directly in processing within the meaning of the statutory exemption.

The legislature has directed that the word "processing" as used in the statute includes those operations which are commonly understood within the ordinary meaning of that term. A.R.S. § 42–1409(B) 1, supra. This directive requires an application of the statute which is consistent with the ordinary man's understanding of what constitutes a "processing operation", rather than a scientific or technical interpretation. *See* City of Lexington v. Lexington Leader Co., 193 Ky. 107, 235 S.W. 31 (1921).

Appellant has provided a detailed, technical description of the video tape recorder's operation, emphasizing that one component is designated a "processing amplifier". However, the question to be resolved is not whether the equipment processes, but whether the recording, storage and later the transmission of a television signal through the use of the equipment is a "processing operation". We hold that it is not.

In Moore v. Farmers Mut. Mfg. & Ginning Co., 51 Ariz. 378, 77 P.2d 209 (1938), our Supreme Court recognized that the ginning of cotton is a processing operation within the following definition of "process":

"'to subject (especially raw material) to a process of manufacturing, development, preparation for market, etc.; to convert into marketable form, as livestock by slaughtering, grain by milling, cotton by spinning, milk by pasteurizing, fruits and vegetables by sorting and repacking.'" (51 Ariz. at 382, 77 P.2d at 211).

Clearly, the ordinary man would think of cotton or food as being processed and automobiles or toys as being manufactured. Similarly, he would think of a television picture as being broadcast and electricity as being generated.

In Commonwealth ex rel. Luckett v. WLEX-TV, Inc., Ky., 438 S.W.2d 520 (1968), it was held that the transmission of a television signal did not constitute a

"manufacturing process" for purposes of a use tax exemption. In Board of Assessors v. Commissioner of Corporations and Taxation, 321 Mass. 186, 72 N.E.2d 528 (1947), it was held that equipment used by a telephone company to transmit voice communications was not "machinery employed in a branch of manufacture" for purposes of taxation. These decisions recognize that the terms "manufacturing" and "processing" have no common sense application to operations involving the transmission and broadcasting of electronic signals. *See generally* Annot., 17 A.L.R.3d 7 (1968). A complete reading of A.R.S. § 42–1409 provides further support for this conclusion. Section 42–1409(B)3 grants an exemption for transmission equipment used by telephone and telegraph companies, and § 42–1409(B)4 provides an exemption for equipment used in the production and transmission of electrical power. These specific exemptions indicate that the term "processing operation" as used in § 42–1409(B) 1 was not intended by the legislature to include the transmission of a television picture by electronic signals. If they had intended such exemption, they would have said so.

■ As a general rule, statutes imposing a tax are liberally construed in favor of the taxpayer. *E. g.*, Arizona Tax Commission v. Dairy & Consumers Co-op Association, 70 Ariz. 7, 215 P.2d 235 (1950). On the other hand, statutes granting an exemption are strictly construed against exemption from taxation. Tuscon Transit Authority, Inc. v. Nelson, 107 Ariz. 246, 485 P.2d 816 (1971); Gietz v. Webster, 46 Ariz. 261, 50 P.2d 573 (1935); J. H. Welsh & Son Contracting Co. v. Arizona State Tax Commission, 4 Ariz.App. 398, 420 P.2d 970 (1966). In this case strict construction of the exemption is against appellant's contention.

In our opinion, a video tape recorder used in the recording, storage and transmission of a television signal is not equipment used directly in a processing operation within the meaning of A.R.S. § 42–1409(B)1.

The judgment is affirmed.

JACOBSON, P. J., and FROEB, J., concur.