HED, INC. v. HELEN A. POWERS, SECRETARY OF REVENUE

No. 867SC643

(Filed 3 February 1987)

Taxation § 15— sales tax—restaurant equipment—restaurant not a manufacturer
    A restaurant is not a manufacturer within the meaning of N.C.G.S. 105-164.1(1)(h), which provides a one percent sales tax rate for accessories sold to a manufacturing industry.

APPEAL by plaintiff from *Winberry, Judge.* Order entered 7 May 1986 in Superior Court, NASH County. Heard in the Court of Appeals 13 November 1986.

*Battle, Winslow, Scott & Wiley, P.A., by Jasper L. Cummings, Jr., on the brief, and Poyner & Spruill, by J. Phil Carlton, for plaintiff appellant.*

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General George W. Boylan, for the Secretary of Revenue.*

BECTON, Judge.

Plaintiff, HED, Inc., brought this action against Helen A. Powers, Secretary of Revenue, seeking a tax refund of an alleged overpayment as provided by N.C. Gen. Stat. Sec. 105-266.1 (1985). The facts are not in dispute. HED sold mixers, slicers, scales, pumps, fryers, and assembly tables to its parent company, Har-

dee's Food Systems, Inc. (Hardee's). These items were taxed at a state sales tax rate of three percent in accordance with N.C. Gen. Stat. Sec. 105-164.4 (1985). HED claims that the items qualify for sales taxation at the lower rate of one percent as provided by N.C. Gen. Stat. Sec. 105-164.4(h) (1985) because they are accessories to a manufacturing industry. Hardee's used the items to make foods that were sold on its premises. The foods included biscuits, milk shakes, cooked and assembled hamburgers, and roast beef and turkey sandwiches, to name a few.

The trial judge granted the Secretary's motion for summary judgment. Plaintiff appeals. We affirm.

The sole issue before this Court is whether N.C. Gen. Stat. Sec. 105-164.4(1)(h) applies to the items HED sold to Hardee's. The section's applicability turns on whether Hardee's is a "manufacturing industry or plant" within the meaning of that section. The section permits sales taxation at the rate of one percent rather than the normal three percent rate, for "sales of mill machinery or mill machinery parts and accessories to manufacturing industries and plants. . . ."

Despite HED's insistence that *Master Hatcheries, Inc. v. Coble*, 286 N.C. 518, 212 S.E. 2d 150 (1975) compels a decision in its favor, the exact issue involved in this case is one of first impression in North Carolina. *Master Hatcheries* does, however, provide a helpful framework for our analysis.

In *Master Hatcheries* the North Carolina Supreme Court held that the operation of a chicken hatchery constituted manufacturing. The Court recognized as we do here "that the term manufacturing as used in tax statutes is not susceptible of an exact and all-embracing definition, for it has many applications and meanings. Where, as here, the statute does not define the term, courts have resorted to the dictionaries to ascertain its generally accepted meaning and have then undertaken to determine its application to the circumstances of the particular case." *Id.* at 520, 212 S.E. 2d at 151. The court used a comprehensive approach, considering such factors as the general rules regarding statutory interpretation, the commonly accepted meaning of manufacture as found in *Duke Power Co. v. Clayton*, 274 N.C. 505, 164 S.E. 2d 289 (1968), the complexity of the process involved, and cases from other jurisdictions.

The general rule is that a statutory exemption from tax is strictly construed against the claim of exemption. *Yacht Co. v. High*, 265 N.C. 653, 144 S.E. 2d 821 (1965). However, the North Carolina Constitution requires that taxation must be imposed by a uniform rule. N.C. Constitution, Article 5, Section 2; *see Dyer v. City of Leaksville*, 275 N.C. 41, 165 S.E. 2d 201 (1969). Nowhere in the statute is the term manufacturing plant specifically defined to include a restaurant. The Secretary has not previously recognized a restaurant as a manufacturer.

In *Duke Power* the court stated that the connotative meaning of manufacturing is "the making of a new product from raw or partly wrought materials." *Id.* at 514, 164 S.E. 2d at 295. Although HED relies heavily on this definition, we heed the Court's suggestion in *Master Hatcheries* that we consider the definition in light of the circumstances of the particular case. A literal application of this definition which HED urges, could result in the inclusion of any business that produces a product. For example, word processing companies take in rough drafts of written material and produce highly literate well-printed documents but word processing operators are hardly referred to as manufacturers.

HED strenuously argues that such processes as the assemblage of hamburgers and mixing of dough to form biscuits fit the technical perimeters of the above definition. However, manufacturing as that term is commonly understood does not include the mere preparation of food items at a restaurant exclusively for sale on the premises. The essence of Hardee's operation is the selling or merchandising of its products, not production. Moreover, Hardee's food preparation is significantly different from the intricate and elaborate industrial operations that have been classified as manufacturing in the past. The list includes such complex operations as the mass incubation of eggs to hatch baby chicks, *see Master Hatcheries*, and heating and carbonizing coal, *see Duke Power*.

The question whether a restaurant qualifies for a special tax exemption as a manufacturing industry has been decided in several other jurisdictions. The Secretary and HED each cited authority in support of their positions. Our review of the cited cases compels us to follow the majority view that a restaurant is not a

manufacturer within the meaning of typical machinery tax statutes. *See The Coachman v. Norberg*, 121 R.I. 1316, 397 A. 2d 1320 (1979); *McDonald's Corp. v. Oklahoma Tax Comm.*, 563 P. 2d 635 (Okla. 1977); *Golden Skillet Corp. v. Virginia*, 214 Va. 276, 199 S.E. 2d 511 (1973); and *Roberts v. Bowers*, 170 Ohio St. 99, 162 N.E. 2d 858 (1959). Although not controlling, these cases are helpful. One discernible pattern is that when the statutes do not provide a definition of manufacturing, as is the case in North Carolina, courts tend to apply a common sense approach and conclude that a restaurant is not a manufacturer. On the other hand, when the statute does provide a definition, that definition is mechanically applied and courts conclude that a restaurant is a manufacturer. *Compare Golden Skillet Corp. v. Virginia with KFC of Ohio v. Kosydar*, Case No. A408 (Oct. 1, 1973).

We are guided by common meaning, an ordinary understanding of the term manufacturing, and the general rule on statutory interpretation. We hold that a restaurant is not a manufacturer as that term is used in N.C. Gen. Stat. Sec. 105-164.4(1)(h) (1985).[1] Judgment is affirmed.

Affirmed.

Judges WELLS and ORR concur.

---

1. It was not critical to our analysis, but it is important to note that a 1986 Amendment to N.C.G.S. Sec. 105-164.4(h) specifically states that a restaurant is not a manufacturer.