872 P.2d 682

**ARIZONA DEPARTMENT OF REVENUE**

v.

**SONEE HEAT TREATING CORPORATION.**

**No. TX 93–00010.**

Tax Court of Arizona.

April 4, 1994.

Atty. Gen. by Michael P. Worley, Phoenix, for plaintiff.

Jennings Strouss & Salmon, P.L.C. by Ann M. Dumenil, Phoenix, for defendant.

## OPINION

SCHAFER, Judge.

The issue in this case is whether certain testing equipment is "machinery or equipment used directly in manufacturing" and therefore, exempt from use tax under A.R.S. § 42–1409(B)(1).

Sonee Heat Treating Corporation is a specialty metal heat treating processor. Approximately two-thirds of Sonee's heat treating business is for the aerospace or other high-end commercial industries such as Karsten Manufacturing Corporation, a golf club manufacturer. Sonee's treatments and processing results in specific metallurgical changes to the metal being treated. A majority of Sonee's customers, including all of those in the aerospace industry, require Sonee to provide certification that its treatments and processing imparted the expected properties, in accordance with customer or industry specifications, to the metal being treated. In some instances, the customer specifications require Sonee to test 100% of the treated metals; sometimes sample testing is mandated. Additionally, some of the tests require that specimens be mounted for microscopic examination. The testing is performed at various stages and intervals throughout the heat treating process. In

order to test the metals to ensure the required metallurgical changes have taken place, Sonee has purchased special equipment.

The Arizona Department of Revenue audited Sonee for the period March 1, 1987, through December 31, 1991, and assessed use tax and interest on eleven pieces of Sonee's testing equipment.[1] Sonee contends that the equipment is exempt from taxation under A.R.S. § 42–1409(B)(1) because it is machinery or equipment "used directly in manufacturing." The Department maintains the equipment is not "used directly in manufacturing" and therefore, is not exempt from the use tax. This Court agrees with Sonee.

## ANALYSIS

There is no dispute that the eleven pieces of equipment at issue are tangible personal property, purchased at retail, and subject to the use tax unless an exemption applies. Sonee claims an exemption under A.R.S. § 42–1409(B)(1). That section exempts from use tax:

*Machinery or equipment used directly in manufacturing,* processing, fabricating, job printing, mining or metallurgical operations. The terms "manufacturing", [and] "processing" . . . as used in this paragraph refer to and include those operations commonly understood within their ordinary meaning.

A.R.S. § 42–1409(B)(1) (emphasis added).

There is no dispute that the items involved are "machinery or equipment." The dispute is whether the items are "used directly in manufacturing." "Used directly" is not defined by the Tax Code; but the Court of Appeals focused upon its meaning in *Duval Sierrita Corp. v. Arizona Dept. of Rev.,* 116 Ariz. 200, 568 P.2d 1098 (App.1977).

The *Duval* court determined the legislative intent behind the exemption created by section 42–1409:

The primary purpose of the statute here under consideration [exempting equipment used directly in mining] is to encourage the production of more valuable tangible personal property for sale, itself subject to the sales tax, by exempting from the operation of such tax the purchase of property used and consumed by the purchaser in the production of such ultimate tangible personal property, and at the same time to avoid a species of double taxation.

*Duval,* 116 Ariz. at 204, 568 P.2d at 1102 (quoting *Bailey v. Evatt,* 142 Ohio St. 616, 53 N.E.2d 812, 814 (1944)) (brackets in original). The *Duval* court then adopted the test to be used in Arizona for determining whether a piece of equipment is "used directly in" one of the activities listed in the statute:

In our opinion, the boundaries of the exempt operation must be drawn taking into consideration the entire operation as it is "commonly understood" which operation must, of necessity, include those items which are essential to its operation and which make it an integrated system.

*Id.* 116 Ariz. at 206, 568 P.2d at 1104. This test is in keeping with the statutory mandate that the terms "manufacturing" and "processing," as used in section 42–1409(B)(1), refer to and include those operations commonly understood within their ordinary meaning. Thus, it is necessary to determine what activities are commonly understood to be included in metal heat treating operations used in manufacturing or processing.

"Manufacturing" means "to make into a product suitable for use . . . to make from raw materials by hand or machine." *Webster's Ninth New Collegiate Dictionary* 725 (1990). "Processing" means "a series of actions or operations conducing to an end . . . a continuous operation or treatment esp[ecially] in manufacture." *Id.* at 937.

Here, it is undisputed that Sonee is contractually mandated by all of its aerospace customers, and a large percentage of its other customers, to test and/or certify that So-

1. The eleven pieces of equipment at issue here are: Abrasiment 2 cutter, Pneumet press heater, Electro polisher, Metallographic polishing motors and polishing table, Atomcomp Vacuum Spectrometer, Metallographic attachments, Twin type Dia Macromet II, Tensile Testing Machine, Carbon Determinator & Balance Auto Weight Compensator, Vibration Isolation Desk, and a Data Logger.

nee's products meet stringent, exacting contract specifications. It is also undisputed that much of the testing occurs at various intervals *throughout* the manufacturing process; not simply as a last and final step for mere quality control, but as essential, integrated steps in the manufacturing process. Thus, Sonee's testing phases fall within those operations necessary to "make a product suitable for use" to qualify as manufacturing and within those "continuous operation[s]" in manufacturing to qualify as processing. Consequently, Sonee's testing equipment is "used directly in manufacturing [or] processing."

In view of this disposition of the case it is not necessary to discuss Sonee's claim that the Department's assessment violated Sonee's right to equal protection of the laws.

## CONCLUSION

Sonee's testing is an essential, integral phase in its heat treating business of manufacturing and processing metals for aerospace and other high-end commercial customers. The testing equipment at issue here is exempt from use tax under A.R.S. § 42–1409(B)(1).

**IT IS ORDERED** denying the plaintiffs' motion for summary judgment.

**IT IS ORDERED** granting defendant Sonee's cross-motion for summary judgment and awarding it its costs and fees.

This opinion is not a final, appealable judgment; other orders will follow. *See Devenir Associates v. City of Phoenix,* 169 Ariz. 500, 821 P.2d 161 (1991).