STATE OF NORTH CAROLINA v. RAEFORD LEE MORGAN

STATE OF NORTH CAROLINA v. DAQUANN CURTIS BRUNSON

No. COA06-1234

(Filed 15 May 2007)

**1. Robbery— dangerous weapon—motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the two charges of robbery with a dangerous weapon, because: (1) a coparticipant testified that the gun used in the robbery was a .22 long belonging to the codefendant, and the two victims testified a gun was used; and (2) testimony was presented that the gun was fired as the robbers pushed their way into the room.

**2. Kidnapping— first-degree—motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the two charges of first-degree kidnapping, because: (1) the bound victims were placed in greater danger than the restraint and removal that was inherent in the armed robbery; (2) the evidence showed that the three robbers bound the victims with duct tape, took money and cellular phones, and left the victims bound when they left the hotel room; and (3) there was no affirmative or willful action on the part of defendants to release the victims.

**3. Evidence— prior crimes or bad acts—robbery—similar pattern over short period of time**

The trial court did not abuse its discretion in a double first-degree kidnapping and double robbery with a dangerous weapon case by allowing evidence of the 7 December 2003 robbery of the Family Grocery involving defendant Brunson and another man and the 10 December 2003 robbery of the Mini Mart involving defendant Morgan and another man, because: (1) the trial court instructed the jury that it could consider evidence of the two subsequent robberies for the limited purpose of showing defendants' identity, motive, intent, common plan, knowledge, and opportunity to commit the crime; (2) the evidence of the two subsequent robberies showed that the two defendants and a coparticipant collectively participated, albeit in different combina-

tions, in three armed robberies over a fifteen-day period; (3) the evidence showed defendant was involved in a similar pattern of robberies occurring over a short period of time; (4) in each of the robberies, one of the perpetrators brandished a gun at the victims at public establishments, demanded money, fired a shot, stole property of others, and fled the scene; and (5) the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice.

**4. Robbery— common law—refusal to give instruction**

The trial court did not abuse its discretion or commit plain error in a double robbery with a dangerous weapon case by refusing to instruct the jury on common law robbery, because: (1) the State's evidence tended to show that the robbers perpetrated the robbery with a firearm capable of endangering or threatening the lives of the victims; and (2) even though defendant contends there was sufficient evidence that the gun used in the robbery broke after it was fired, sufficient evidence was presented that an operable firearm was used in the robbery.

**5. Kidnapping— second-degree—refusal to give instruction**

The trial court did not abuse its discretion by failing to instruct the jury on second-degree kidnapping because sufficient evidence showed the robbers restrained the victims for the purpose of committing the felony of robbery with a dangerous weapon and failed to release them in a safe place.

**6. Kidnapping— first-degree—instruction—release**

The trial court did not abuse its discretion by allegedly failing to instruct the jury on the meaning of "release" for first-degree kidnapping, because: (1) under the plain and ordinary meaning of "release," a victim could not be released under the meaning of N.C.G.S. § 14-39 if he were left restrained; and (2) the trial court properly instructed that "release" meant free from all restraint.

**7. Sentencing— two counts of robbery with dangerous weapon—marital property**

The trial court did not err by sentencing defendants for two counts of robbery with a dangerous weapon instead of one even though defendants contend the property taken during the robbery was marital property, because: (1) as long as the evidence shows a defendant was not taking his own property, ownership is irrelevant; (2) a taking from one having the care, custody, or posses-

sion of the property is sufficient; and (3) one of the defendants failed to move to dismiss either of the robbery charges at trial and failed to move to arrest judgment on either of the charges, thus precluding him from asserting insufficiency of the evidence on appeal.

**8. Sentencing— robbery with dangerous weapon—remand for determination of consecutive or concurrent sentence**

Defendant Brunson's robbery with a dangerous weapon charges are remanded for the sole purpose of clarifying whether the sentences are to run consecutively or concurrently.

Appeals by defendants from judgments entered 10 February 2006 by Judge Orlando F. Hudson in Wake County Superior Court. Heard in the Court of Appeals 24 April 2007.

*Attorney General Roy Cooper, by Special Deputy Attorney General Gary R. Govert and Assistant Attorney General M. Lynne Weaver, for the State.*

*James M. Bell, for defendant-appellant Morgan.*

*Brian Michael Aus, for defendant-appellant Brunson.*

TYSON, Judge.

Raeford Lee Morgan ("defendant Morgan") and Daquann Curtis Brunson ("defendant Brunson") (collectively, "defendants") appeal from judgments entered after a jury found them to be guilty of two counts of first-degree kidnapping and two counts of robbery with a dangerous weapon. We find no error at trial, but remand for clarification of defendant Brunson's sentencing.

## I. Background

James Brannon ("Mr. Brannon") and Patsy Brannon ("Mrs. Brannon") (collectively, "the victims") were staying at the Extended Stay Hotel in Raleigh, North Carolina on 25 November 2003. Sometime after 8:00 p.m., the victims ordered food from a Steak-Out Restaurant. An employee of Steak-Out delivered the food to their hotel room about forty-five minutes later. The Steak-Out employee failed to deliver two beverages the victims had ordered and reimbursed Mrs. Brannon $2.50 for the missing beverages. Mrs. Brannon placed the money on a counter in the hotel room.

STATE v. MORGAN

[183 N.C. App. 160 (2007)]

A few minutes later, Mrs. Brannon heard a knock on her hotel room door. She thought the Steak-Out employee had returned to deliver the missing beverages. Mrs. Brannon answered the door. A man pushed the door open and entered the victims' hotel room along with two other men. Mrs. Brannon testified the three men wore scarves or ski masks that covered their faces. As the men entered the room, Mrs. Brannon heard a noise she testified sounded like a cap gun firing. One man pushed Mrs. Brannon against the wall, slammed her onto the floor, and restrained her with duct tape. Another man pushed Mr. Brannon onto the floor and restrained him with duct tape. Mr. Brannon testified that one of the men had a gun, which looked like a black revolver, and he poked Mr. Brannon in the head with the gun several times.

The three men ransacked the victims' hotel room. The men could not find any money and left the hotel room with $2.50 and the victims' cellular telephones. Mrs. Brannon cut the duct tape off of her and Mr. Brannon's hands and called 9-1-1.

On 27 September 2004, a grand jury indicted defendants on two counts of first-degree kidnapping and two counts of robbery with a dangerous weapon. Defendants' case proceeded to trial. One of the three men, James Mitchell ("Mitchell") confessed to the crimes and testified for the State at trial. Mitchell testified he, defendant Morgan, and defendant Brunson conducted the robbery and kidnapping of the victims at the Extended Stay Hotel.

On 10 February 2006, a jury found defendants to be guilty of all charges. The trial court sentenced defendant Morgan as a Level IV offender to two consecutive sentences of 133 months minimum to 169 months maximum imprisonment and two consecutive sentences of 117 months minimum to 150 months maximum imprisonment. Defendant Brunson was sentenced as a Level II offender to two consecutive sentences of 100 months minimum to 129 months maximum imprisonment and two consecutive sentences of seventy-seven months minimum to 102 months maximum imprisonment. Defendants appeal.

## II. Issues

Defendant Morgan argues the trial court erred when it: (1) denied his motion to dismiss his robbery with a dangerous weapon charge; (2) denied his motion to dismiss his first-degree kidnapping charge; (3) admitted evidence of his prior conviction for robbery; (4) denied his request for a jury instruction on common law robbery; (5) denied

his request for a jury instruction on second degree kidnapping; (6) instructed the jury on the meaning of "release;" and (7) sentenced him separately for robbery committed against the victims where the State's evidence indicated that the property taken was marital property.

Defendant Brunson argues the trial court: (1) committed plain error in failing to instruct the jury on the lesser included offense of common law robbery and (2) erred when it failed to dismiss *ex meru motu* on the armed robbery charges. Defendant Brunson also argues the robbery with a dangerous weapon charge must be remanded because the judgment and commitment entered is inconsistent with the trial court's oral rendition of the judgment.

### III. Motions to Dismiss

The standard for ruling on a motion to dismiss is whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense. Substantial evidence is relevant evidence which a reasonable mind might accept as adequate to support a conclusion. In ruling on a motion to dismiss, the trial court must consider all of the evidence in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence. Any contradictions or discrepancies arising from the evidence are properly left for the jury to resolve and do not warrant dismissal.

*State v. Wood*, 174 N.C. App. 790, 795, 622 S.E.2d 120, 123 (2005) (internal quotations omitted). This Court stated in *State v. Hamilton*, "in 'borderline' or close cases, our courts have consistently expressed a preference for submitting issues to the jury, both in reliance on the common sense and fairness of the twelve and to avoid unnecessary appeals." 77 N.C. App. 506, 512, 335 S.E.2d 506, 510 (1985) (citations omitted), *disc. rev. denied*, 315 N.C. 593, 341 S.E.2d 33 (1986).

### A. Robbery with a Dangerous Weapon Charges

[1] Defendant Morgan argues the trial court erred when it denied his motion to dismiss the robbery with a dangerous weapon charges. We disagree.

N.C. Gen. Stat. § 14-87(a) (2005) states:

(a) Any person or persons who, having in possession or with the use or threatened use of any firearms or other dangerous weapon,

implement or means, whereby the life of a person is endangered or threatened, unlawfully takes or attempts to take personal property from another or from any place of business, residence or banking institution or any other place where there is a person or persons in attendance, at any time, either day or night, or who aids or abets any such person or persons in the commission of such crime, shall be guilty of a Class D felony.

The elements of robbery with a dangerous weapon are the unlawful taking or attempt to take personal property from the person or in the presence of another by the use or threatened use of a firearm or other dangerous weapon, whereby the life of a person is endangered or threatened where the taker knows he is not entitled to take the property and intends to permanently deprive the owner of the property. *State v. Richardson,* 342 N.C. 772, 784, 467 S.E.2d 685, 692, *cert. denied,* 519 U.S. 890, 136 L. Ed. 2d 160 (1996). A dangerous weapon is a deadly weapon, and a pistol is a deadly weapon. *State v. Torain,* 316 N.C. 111, 120, 340 S.E.2d 465, 471 (1986).

Mitchell testified the gun used in the robbery was "a .22 long," which belonged to defendant Brunson. Defendant Brunson had been carrying the gun while the men were inside the car. Mitchell possessed the gun after the men entered the hotel elevator. Defendant Brunson retrieved the gun before the three men entered the victims' hotel room. Mrs. Brannon testified that when the three men forced their way into her hotel room, the first of the three men brandished a gun that was "big and black." She believed it was a real gun. Mr. Brannon testified that the firearm appeared to be a black revolver and that one of the robbers poked him in the head several times with the gun.

Testimony was presented that the gun was fired as the robbers pushed their way into the room. Mr. Brannon, who was familiar with firearms, testified that the gun "sounded like a .22." Mrs. Brannon heard a "pop," which did not sound like a typical gunshot, but stated she was not familiar with the sound a gun makes when it fires. Sergeant George Smith ("Sergeant Smith") testified that it was possible that when the gun fired the shell was a "squib load" because no bullets were found in the hotel room. A "squib load" occurs when the hammer of the gun strikes the bullet, but the primer does not detonate the powder, and the bullet does not gather sufficient velocity to clear the barrel of the gun. Sergeant Smith testified that a "pop" is generally heard when a "squib load" occurs. Mitchell testified that he heard the gun go off as the men forced their way into the hotel room.

He testified that the back of the gun fell off after defendant Brunson fired it, and defendant Brunson picked up the dislodged piece and reattached it to the gun.

Substantial evidence was presented from which the jury could find that defendant Morgan committed the offense of robbery with a dangerous weapon. The trial court properly denied his motion to dismiss the charges. This assignment of error is overruled.

### B. First-Degree Kidnapping Charges

[2] Defendant Morgan argues the trial court erred when it denied his motion to dismiss the first-degree kidnapping charges. We disagree.

The offense of kidnapping is established upon proof of an unlawful, nonconsensual restraint, confinement, or removal of a person from one place to another, for the purpose of: (1) holding the person for ransom, as a hostage or using them as a shield; (2) facilitating flight from or *the commission of any felony*; or (3) terrorizing or doing serious bodily harm to the person. *State v. Smith*, 160 N.C. App. 107, 119, 584 S.E.2d 830, 838 (2003) (emphasis supplied). The offense is first-degree kidnapping where the defendant does not release the victim in a safe place or the victim is seriously injured or sexually assaulted. N.C. Gen. Stat. § 14-39(b) (2005). Where the defendant releases the victim in a safe place and the victim has not been seriously injured or sexually assaulted, the offense is second degree kidnapping. *Id.*

A person may not be convicted of kidnapping and another felony if the restraint or removal is an inherent and inevitable element of the other felony, such as robbery with a dangerous weapon. *State v. Irwin*, 304 N.C. 93, 102-03, 282 S.E.2d 439, 446 (1981). Defendant argues the restraint of the victims was an inherent part of the robbery and no separate or independent restraint or removal occurred.

Whether a defendant's restraint or removal of a person during the commission of an armed robbery will support a separate conviction for kidnapping is guided by two factors: (1) whether the person was forcibly removed for any reason other than the commission of the robbery or (2) whether the restraint or removal exposed the person to a greater danger than was inherent in the other offense. *State v. McNeil*, 155 N.C. App. 540, 545-46, 574 S.E.2d 145, 148-49 (2002), *appeal dismissed and disc. rev. denied*, 356 N.C. 688, 578 S.E.2d 323 (2003).

In *State v. Beatty*, a robber pointed a gun at a restaurant employee while another robber taped a second employee's hands with duct tape and forced him to lie on the floor as the owner of the restaurant attempted to open the safe for the robbers. 347 N.C. 555, 559-60, 495 S.E.2d 367, 370 (1998). Our Supreme Court upheld a conviction for kidnapping the employee whose hands were taped because the employee was subjected to a greater danger than that inherent in armed robbery itself. *Id.* The Court reversed the conviction for kidnapping the other employee because the act of pointing the gun at him, without removing him, was an inherent part of the armed robbery. *Id.* In accordance with *Beatty*, the bound victims here were placed in greater danger than the restraint and removal that was inherent in the armed robbery. The evidence shows that the three robbers bound the victims with duct tape, took money and cellular telephones, and left the victims bound when they left the hotel room.

In *State v. Love*, this Court considered whether the defendants released the kidnapping victims in a safe place. 177 N.C. App. 614, 625-26, 630 S.E.2d 234, 242, *disc. rev. denied*, 360 N.C. 580, 636 S.E.2d 192 (2006). The defendants in *Love* argued the victims were released at a safe place when they were left bound and gagged in their home by the defendants. *Id.* The Court considered whether "release" merely requires a relinquishment of dominion or control over a person. *Id.* The defendants bound each of their four victims to chairs and gagged them. They subsequently bound all four chairs and victims together, checked the bindings of the victims before departure, placed further bindings on the victims, and stated that they would return. *Id.* The Court in *Love* required "an affirmative action other than the mere departing of a premise." 177 N.C. App. at 625-26, 630 S.E.2d at 242; *see State v. Anderson*, 181 N.C. App. 655, 640 S.E.2d 797 (2007).

We find no affirmative or wilful action on the part of defendants to "release" the victims. Sufficient evidence was presented of a restraint and removal separate from the armed robbery and defendants' failure to "release" the victims to submit the first-degree kidnapping charge to the jury. This assignment of error is overruled.

## IV. 404(b) Evidence

**[3]** Defendant Morgan argues the trial court erred when it allowed evidence of his prior conviction for robbery to be admitted and asserts similarities between that prior robbery and the one for which he was on trial were insufficient and prejudicial. We disagree.

### A.  Standard of Review

The trial court's decision to exclude or admit evidence is generally reviewed under an abuse of discretion standard of review. *State v. Hyatt*, 355 N.C. 642, 662, 566 S.E.2d 61, 74 (2002), *cert. denied*, 537 U.S. 1133, 123 S. Ct. 916, 154 L. Ed. 2d 823 (2003). "A trial court may be reversed for an abuse of discretion only upon a showing that its ruling was so arbitrary that it could not have been the result of a reasoned decision." *State v. Wilson*, 313 N.C. 516, 538, 330 S.E.2d 450, 465 (1985).

### B.  Rule 404(b)

N.C. Gen. Stat. § 8C-1, Rule 404(b) (2005) states:

(b) Other crimes, wrongs, or acts.—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident. Admissible evidence may include evidence of an offense committed by a juvenile if it would have been a Class A, B1, B2, C, D, or E felony if committed by an adult.

Rule 404(b) is a rule of inclusion, not exclusion. *State v. Agee*, 326 N.C. 542, 550, 391 S.E.2d 171, 175 (1990). Rule 404(b) evidence is relevant and admissible so long as the incidents are sufficiently similar and not too remote in time. *State v. Blackwell*, 133 N.C. App. 31, 35, 514 S.E.2d 116, 119, *disc. rev. denied*, 350 N.C. 595, 537 S.E.2d 483 (1999); *see State v. Smith*, 152 N.C. App. 514, 527, 568 S.E.2d 289, 297 ("The use of evidence permitted under Rule 404(b) is guided by two constraints: similarity and temporal proximity." (citation omitted).), *disc. rev. denied*, 356 N.C. 623, 575 S.E.2d 757 (2002).

### C.  Probative Value Versus Unfair Prejudice

The admissibility of Rule 404(b) evidence is also subject to the weighing of probative value versus unfair prejudice as mandated by Rule 403. *Agee*, 326 N.C. at 549, 391 S.E.2d at 175 (citing *United States v. Montes-Cardenas*, 746 F.2d 771, 780 (11th Cir. 1984)); N.C. Gen. Stat. § 8C-1, Rule 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of unfair delay, waste of time, or needless presentation of cumulative evidence.").

Prior to trial, defendant Morgan's counsel moved to exclude evidence of defendant Morgan's prior armed robbery conviction and evidence of the underlying facts of the offense that led to the conviction. Based on the State's forecast of evidence, the trial court found the evidence to be admissible under Rule 404(b) and the probative value of the evidence to outweigh any prejudice.

At trial, Mitchell testified about two other armed robberies that occurred shortly after the 25 November 2003 robbery at the Extended Stay Hotel. On 7 December 2003, Mitchell was at a house on Carver Street with defendant Brunson and Charles White ("White"). Defendant Brunson and White asked Mitchell to rob the Family Grocery. Mitchell declined. Defendant Brunson and White decided to rob the store themselves. Defendant Brunson carried a .22 revolver and White carried a .38 revolver. The two men returned to the Carver Street house shortly thereafter. Defendant Brunson reported that the store clerk reached for the gun and he had fired his weapon before fleeing the store.

Mitchell also testified about another robbery which occurred on 10 December 2003. Mitchell was again at the Carver Street house with Defendant Brunson. Defendant Morgan came to the house and asked Mitchell to accompany him to the New Bern Mini Mart. The two men planned to commit a robbery as they walked to the store. Mitchell went into the store and walked to the counter as if to purchase a snack cake. Defendant Morgan walked into the store with his gun out, demanded money, and shot at the ground. Defendant Morgan grabbed the tray of money from the store clerk and ran.

The trial court instructed the jury that it could consider evidence of the two subsequent robberies, but only for the limited purpose of showing defendants' identity, motive, intent, common plan, knowledge, and opportunity to commit the crime. The evidence of the two subsequent robberies showed that Mitchell, defendant Brunson, and defendant Morgan collectively participated, albeit in different combinations, in three armed robberies over a fifteen-day period.

Evidence of defendant Morgan's involvement in the Mini Mart robbery tends to show that he was one of three men involved in a similar pattern of robberies occurring over a short period of time. The robbery in this case shares similarities with the Mini Mart robbery. In each of the robberies, one of the perpetrators brandished a gun at the victims at public establishments, demanded money, fired a shot, stole property of others, and fled the scene. These two robberies occurred

within a short period of time, fifteen days, after the robbery in this case. The evidence of the other robberies is admissible under Rule 404(b) and is sufficient to support the trial court's finding that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. This assignment of error is overruled. Defendant Brunson did not assign error to the trial court's admission of the evidence of the two subsequent robberies.

## V. Jury Instructions

### A. Standard of Review

The choice of jury instructions rests "within the trial court's discretion and will not be overturned absent a showing of abuse of discretion." *State v. Nicholson*, 355 N.C. 1, 66, 558 S.E.2d 109, 152 (citation omitted), *cert. denied*, 537 U.S. 845, 154 L. Ed. 2d 71 (2002). A trial court abuses its discretion when its ruling is "so arbitrary that it could not have been the result of a reasoned decision." *Wilson*, 313 N.C. at 538, 330 S.E.2d at 465.

### B. Common Law Robbery Instruction

**[4]** Defendants Morgan and Brunson argue the trial court erred when it refused to instruct the jury on common law robbery. We disagree.

"Under N.C. Gen. Stat. § 14-87(a), robbery with a dangerous weapon is: '(1) the unlawful taking or an attempt to take personal property from the person or in the presence of another (2) by use or threatened use of a firearm or other dangerous weapon (3) whereby the life of a person is endangered or threatened.' " *State v. Olson*, 330 N.C. 557, 566, 411 S.E.2d 592, 597 (1992) (quoting *State v. Beaty*, 306 N.C. 491, 496, 293 S.E.2d 760, 764 (1982), *overruled on other grounds by State v. White*, 322 N.C. 506, 369 S.E.2d 813 (1988)); *see* N.C. Gen. Stat. § 14-87. " 'Force or intimidation occasioned by the use or threatened use of firearms, is the main element of the offense.' " *Beaty*, 306 N.C. at 496, 293 S.E.2d at 764 (quoting *State v. Mull*, 224 N.C. 574, 576, 31 S.E.2d 764, 765 (1944)).

> [W]here the uncontroverted evidence is positive and unequivocal as to each and every element of armed robbery, and there is no evidence supporting defendant's guilt of a lesser offense, the trial court does not err by failing to instruct the jury on the lesser included offense of common law robbery.

*State v. Peacock*, 313 N.C. 554, 562, 330 S.E.2d 190, 195 (1985). "The sole factor determining the judge's obligation to give such an instruc-

tion is the presence, or absence, of any evidence in the record which might convince a rational trier of fact to convict the defendant of a less grievous offense." *State v. Wright*, 304 N.C. 349, 351, 283 S.E.2d 502, 503 (1981). "The critical difference between armed robbery and common law robbery is that the former is accomplished by the use or threatened use of a dangerous weapon whereby the life of a person is endangered or threatened." *Peacock*, 313 N.C. at 562, 330 S.E.2d at 195; *see State v. Thompson*, 297 N.C. 285, 289, 254 S.E.2d 526, 528 (1979) (No instruction on common law robbery required in the absence of affirmative evidence of the nonexistence of an element of the offense charged.).

As previously discussed, evidence was presented that the three robbers used a handgun when they entered the victims' hotel room and stole their money and cellular telephones. Mitchell, one of the robbers, testified that a .22 long revolver was carried during the robbery by defendant Brunson and that defendant Brunson fired the gun. Mrs. Brannon testified that she saw one of the robbers brandish a gun. Mr. Brannon testified one of the robbers poked him in the head several times with a gun. The State's evidence tended to show that the robbers perpetrated the robbery with a firearm capable of endangering or threatening the lives of the victims. Defendant Morgan was not entitled to an instruction on the lesser included offense of common law robbery. This assignment of error is overruled.

Unlike defendant Morgan, defendant Brunson failed to request an instruction on common law robbery at trial. Defendant Brunson now argues it was plain error for the trial court not to give an instruction on common law robbery. We disagree.

[T]he plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a "*fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done," or "where [the error] is grave error which amounts to a denial of a fundamental right of the accused," or the error has " 'resulted in a miscarriage of justice or in the denial to appellant of a fair trial' " or where the error is such as to "seriously affect the fairness, integrity or public reputation of judicial proceedings" or where it can be fairly said "the instructional mistake had a probable impact on the jury's finding that the defendant was guilty."

*State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982) (emphasis original)).

Defendant Brunson cites *State v. Joyner*, 312 N.C. 779, 324 S.E.2d 526 (1979), which holds that where there is evidence that an inoperable gun is used in a robbery, an instruction on common law robbery is required. Defendant Brunson argues that there is evidence that the gun that was used in the robbery broke after it was fired. However, Mitchell testified that defendant Brunson picked up the piece that fell off the gun after it was fired and repaired it. Sufficient evidence was presented that an operable firearm was used in the robbery. As discussed above, the trial court did not commit error, plain or otherwise, by failing to give a jury instruction for common law robbery. This assignment of error is overruled.

### C. Second Degree Kidnapping Instruction

[5] Defendant Morgan argues the trial court erred when it did not instruct the jury on second degree kidnapping. We disagree.

Defendant Morgan's counsel argued at the charge conference that the evidence supported a finding that the victims were released in a safe place to warrant an instruction on second degree kidnapping. The evidence presented at trial tended to show the three robbers bound the victims' hands with duct tape and left them bound in the hotel room after they fled. According to our case law, defendant Morgan and the other two robbers did not release the victims in a safe place pursuant to N.C. Gen. Stat. § 14-39(b). Sufficient evidence shows the robbers restrained the victims for the purpose of committing the felony robbery with a dangerous weapon and failed to release them in a safe place. *See State v. Parker*, 143 N.C. App. 680, 688, 550 S.E.2d 174, 179 (2001) (Holding the defendants were not entitled to an instruction for second degree kidnapping where they robbed the victims at their home at gunpoint and fled, as "there was no evidence that [the] defendants consciously and willfully left the victims in a safe place as required.").

Under these facts, an instruction for first-degree kidnapping was supported by the evidence. An instruction for second degree kidnapping was not. The trial court did not abuse its discretion in failing to give a jury instruction on the lesser included offense of second degree kidnapping. This assignment of error is overruled.

## D. Jury Instruction on "Release"

[6] Defendant Morgan argues the trial court erred when it failed to instruct the jury on the meaning of "release." We disagree.

The trial court gave the jury the pattern jury instruction for first-degree kidnapping. The fifth element of the offense required the jury to find beyond a reasonable doubt that the victim was "not released by the defendant in a safe place." N.C.P.I. Crim. 210.25 (2005). During deliberations, the jury sent a written note to the trial judge asking, "In the fifth condition [of the kidnapping charge], does 'release' mean free from all restraints, or is partially free from restraint enough?" The trial court responded to the jury's question by instructing them as follows:

Court: Now as to your other question—Does release mean free from all restraint? The Court instructs the jury that the answer to that question is yes.

N.C. Gen. Stat. § 14-39, the kidnapping statute, does not define the term "release." Where a statute's language is clear and unambiguous, the court is to give its words their plain and definite meaning. *State v. Beck*, 359 N.C. 611, 614, 614 S.E.2d 274, 277 (2005). " 'Where, as here, the statute does not define the term, courts have resorted to the dictionaries to ascertain its generally accepted meaning and have then undertaken to determine its application to the circumstances of the particular case.' " *HED, Inc. v. Powers*, 84 N.C. App. 292, 293, 352 S.E.2d 265, 266 (1987) (quoting *Master Hatcheries, Inc. v. Coble*, 286 N.C. 518, 520, 212 S.E.2d 150, 151 (1975)). The American Heritage College Dictionary defines the term "release" as "to set free from confinement, restraint, or bondage; to free from something that binds, fastens, or holds back; let go." *The American Heritage College Dictionary* 1152 (3rd ed. 2000).

Under the plain and ordinary meaning of "release," a victim could not be "released" under the meaning of the statute if he were left restrained. The trial court did not abuse its discretion in instructing the jury that "release" meant free from all restraint. This assignment of error is overruled.

## VI. Marital Property

[7] Defendants Morgan and Brunson argue the trial court erred when it sentenced them for two counts of robbery with a dangerous

weapon instead of one count when the property taken during the robbery was marital property. We disagree.

## A. Standard of Review

"When a defendant assigns error to the sentence imposed by the trial court, our standard of review is whether [the] sentence is supported by evidence introduced at the trial and sentencing hearing." *State v. Deese*, 127 N.C. App. 536, 540, 491 S.E.2d 682, 685 (1997). Robbery with a dangerous weapon involves unlawful taking of personal property by the use or threatened use of a firearm or other dangerous weapon whereby the life of a person is endangered or threatened. *Richardson*, 342 N.C. at 784, 467 S.E.2d at 692.

## B. Analysis

In *State v. Spillars*, our Supreme Court held, "it is not necessary that ownership of the property be laid in a particular person in order to allege and prove armed robbery. The gist of the offense of robbery is the taking by force or putting in fear." 280 N.C. 341, 345, 185 S.E.2d 881, 884 (1972). "As long as the evidence shows the defendant was not taking his *own* property, ownership is irrelevant . . . A taking from one having the care, custody or possession of the property is sufficient." *State v. Jackson*, 306 N.C. 642, 650-51, 295 S.E.2d 383, 388 (1982) (citations omitted).

In *State v. Pratt*, the defendant abducted two victims, an unmarried man and woman, and ordered them out of their vehicle. 306 N.C. 673, 295 S.E.2d 462 (1982). One victim, Suggs, was told to stay in the car while the defendant led the other victim, Hoover, away from the vehicle. The defendant demanded Hoover's wallet, and Hoover responded that all of his money was inside the car. The defendant returned to Suggs and took from her all of the money inside the vehicle. The defendant in *Pratt* was convicted of two counts of armed robbery. On appeal, the defendant argued the charge that he robbed Suggs should have been dismissed because "there was no evidence presented that there had been a taking of any property belonging to her." *Id.* at 681, 295 S.E.2d at 467-68. Our Supreme Court rejected this argument and held:

Defendant's contention is without merit simply because there is no requirement that the person from whom the property is taken be the owner thereof. As long as it can be shown defendant was not taking his own property, ownership need not be laid in a particular person to allege and prove robbery. Obviously in the

instant case defendant was not retrieving his own property from Ms. Suggs. Thus, it makes no difference whether Ms. Suggs or Mr. Hoover owned the money.

*Id.* (citations omitted).

The evidence tended to show that defendant Morgan, with the use of a firearm, stole personal property consisting of $2.50 and two cellular telephones from the victims. The trial court did not err in sentencing him to two counts of robbery with a dangerous weapon. This assignment of error is overruled.

Defendant Brunson also argues the trial court erred in failing to dismiss one of the robbery with a dangerous weapon charges because the property unlawfully taken was marital property. Defendant Brunson failed to move to dismiss either of the robbery charges at trial and failed to move to arrest judgment on either of the charges. Pursuant to N.C.R. App. P. 10(b)(3) (2007), a defendant is precluded from asserting insufficiency of the evidence on appeal when he does not move to dismiss at the close of the evidence. Further, failure to move for arrest of judgment at trial waives appeal of the issue. *State v. Dudley*, 319 N.C. 656, 659, 356 S.E.2d 361, 364 (1987). Defendant Brunson's assignment of error is dismissed.

## VII. Remand

[8] Defendant Brunson argues his robbery with a dangerous weapon charges should be remanded, as the Judgment and Commitment do not comport with the trial court's oral pronouncements.

The trial court stated the following in defendant Brunson's presence as to sentencing:

All right. Ms. Clerk, for the first-degree kidnapping of Mr. James Brannon, Mr. Brunson is sentenced to a minimum of 100 months in the Department of Corrections, and a maximum of 129 months.

As to the first-degree kidnapping of Patsy Brannon, he's sentenced to a minimum of 100 months in the Department of Corrections, and a maximum of 129 months.

That sentence is to run at the expiration of the previous sentence, and it will run consecutively with any sentence that he is now serving.

As to the robbery of Mr. Brannon, he's sentenced to a minimum of 77 months, a maximum of 102 months. And as to the robbery of

Mrs. Brannon, he's sentenced to a minimum of 77 months and a maximum of 102 months.

That sentence is to run consecutively with the previous sentence and consecutively with any sentence he's now serving.

The transcript is ambiguous on whether the trial court intended the two robbery sentences to run consecutively or concurrently. The Judgment and Commitment for the robbery of Mrs. Brannon indicates that the sentence is to run at the expiration of sentence for the kidnapping of Mr. Brannon. The Judgment and Commitment for the robbery of Mrs. Brannon imposes an active sentence to run at the expiration of the sentence for the robbery of Mr. Brannon. Defendant Brunson contends that the Judgment and Commitment for the robbery of Mrs. Brannon impermissibly imposes a greater sentence that the trial court's oral pronouncement or is clerical error which entitles him to be resentenced.

We remand this case to the trial court for the sole purpose of clarifying whether defendant Brunson's two robbery with a dangerous weapon sentences are to run consecutively or concurrently.

## VIII.  Conclusion

Sufficient evidence was presented at trial on which the jury could have found defendant Morgan to be guilty of two counts of robbery with a dangerous weapon and two counts of first-degree kidnapping. The trial court properly denied defendant Morgan's motions to dismiss these charges. Pursuant to N.C. Gen. Stat. § 8C-1, Rule 404(b), the trial court properly admitted evidence of the 7 December 2003 robbery of the Family Grocery involving defendant Brunson and another man and the 10 December 2003 robbery of the Mini Mart involving Mitchell and defendant Morgan.

The evidence presented at trial supported jury instructions for armed robbery with a dangerous weapon and first-degree kidnapping. The trial court did not err in failing to instruct the jury on the lesser included offenses of common law robbery and second degree kidnapping. With respect to defendant Morgan, the trial court did not err in failing to dismiss one of the two robbery with a dangerous weapons charges for defendants because the property taken during the robbery was marital property. This issue is dismissed with respect to defendant Brunson because he failed to move to dismiss either of the robbery charges at trial and failed to move to arrest judgment on either of the charges.

THORNTON v. F.J. CHERRY HOSP.

[183 N.C. App. 177 (2007)]

The defendants received a fair trial free from errors they preserved, assigned, and argued. This case is remanded to the trial court for the sole purpose of clarifying whether defendant Brunson's two robbery with a dangerous weapon sentences are to run consecutively or concurrently.

No Error at Trial, Remanded for Clarification of Defendant Brunson's Sentencing.

Judges WYNN and CALABRIA concur.