STATE OF NORTH CAROLINA
v.
ORLANDO JARRELL GATTISON.
No. COA08-1361
Court of Appeals of North Carolina
Filed May 5, 2009
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Richard G. Sowerby, for the State.
Appellate Defender Staples Hughes, by Assistant Appellate Defender Kristen L. Todd, for defendant-appellant.
JACKSON, Judge.
Orlando Jarrell Gattison ("defendant") appeals his convictions for two counts of robbery with a dangerous weapon. For the following reasons, we hold no error.
On the night of 31 January 2007, Jeffrey Herman ("Jeffrey") and Joseph Herman ("Joseph") (collectively the "Herman brothers") were repairing floors in a house they were renovating on Rose Lane. When the Herman brothers heard the rustling of leaves outside the front door, Jeffrey opened the front door to see two African-American males standing there. One male was young, wearing two diamond studded earrings and short hair. The second male, later identified as defendant, wore his hair in corn rows. The men asked Jeffrey if he had any jobs available. The Herman brothers told the men that at the time there were no jobs, but that they might have yard work to do later. The young male then asked Jeffrey for a cigarette. Jeffrey stepped outside to his truck to get a pad of paper to write down defendant's phone number and a cigarette for the young male. The Herman brothers had their trucks parked in the driveway of the house.
As he walked outside, Jeffrey saw two other men getting out of his brother's truck. The other two men confronted Jeffrey with a gun and told him to go back into the house. Jeffrey did as he was told. Inside the house, defendant pointed a black pistol at the Herman brothers. The men took Joseph's wallet and drove off with the two trucks. Both trucks were later found abandoned within approximately one mile of the Rose Lane house. All personal items were taken from the trucks, including cellular phones, computers and tools. Based upon phone records of one of the stolen cell phones, police put together a photographic line up, which included a photograph of defendant. The Herman brothers identified defendant as the man who stood on the porch asking for work and who held a black pistol.
In March 2007, Raleigh Police Officer Paul Dorsey ("Officer Dorsey") went to serve a warrant on defendant. Officer Dorsey was dressed in plain clothes and wearing his plastic vest. Upon approaching defendant, Officer Dorsey identified himself as a police officer and stated that he needed to speak with defendant. Defendant started to back away from Officer Dorsey and then took off running. Officer Dorsey eventually apprehended defendant and took him into custody.
Defendant testified on his own behalf. He admitted that he was at the Rose Lane house the night of the alleged robbery and that he used one of the stolen cell phones to call his mother. Defendant testified that he did not know that the other men had planned to rob the Herman brothers and denied having a gun that night. Defendant also testified that he did not know Officer Dorsey was a police officer, but only noticed that he was carrying a pistol.
A jury found defendant guilty of two counts of robbery with a firearm  one count for the robbery of Joseph Herman, and one for the robbery of Jeffrey Herman. The trial court sentenced defendant to two consecutive terms of seventy-seven to 102 months imprisonment. Defendant appeals.
On appeal, defendant's counsel states that she is unable to identify an issue with sufficient merit to support a meaningful argument for relief on appeal and asks this Court to review the record for possible prejudicial error. Counsel has shown to the satisfaction of this Court that she has complied with the requirements of Anders v. California, 386 U.S. 738, 18 L. Ed. 2d 493, reh'g denied, 388 U.S. 924, 18 L. Ed. 2d 1377 (1967), and State v. Kinch, 314 N.C. 99, 331 S.E.2d 665 (1985). By letter dated 12 December 2008, defendant's counsel advised defendant of his right to file written arguments with this Court and provided him with the necessary documents to do so. On 7 January 2009, defendant filed written arguments with this Court.
Pursuant to Anders and Kinch, we must determine, from a full examination of defendant's pro se brief and all the proceedings, whether the appeal is wholly frivolous. In his pro se brief, defendant contends: (1) his trial counsel was ineffective by advising him that he "could get up to 17 years if [he] was convicted[;]" (2) an attorney should not have been allowed on the jury; (3) the arresting officer should not have been allowed to testify wearing a "police" t-shirt; and (4) the jury overlooked the Herman brothers' conflicting testimonies and the differences between the detective's testimony and his written notes.
We first discuss defendant's ineffective assistance of trial counsel argument. To sustain an ineffective assistance claim, defendant must show both that his counsel's performance fell below an objective standard of reasonableness and that this deficiency had a probable impact on the outcome at trial. State v. Braswell, 312 N.C. 553, 563, 324 S.E.2d 241, 248 (1985). "[I]f a reviewing court can determine at the outset that there is no reasonable probability that in the absence of counsel's alleged errors the result of the proceeding would have been different, then the court need not determine whether counsel's performance was actually deficient." Id. at 563, 324 S.E.2d at 249. Contrary to defendant's assertion, defense counsel properly advised him that if convicted of two counts of armed robbery  Class D felonies  he could be sentenced "up to" seventeen years.
A judgment sentencing a defendant to a term of imprisonment for the commission of a felony must contain both a minimum term of imprisonment and a maximum term of imprisonment. N.C. Gen. Stat. § 15A-1340.13(c) (2007). In this case, based upon defendant's prior record level of II, the highest minimum term within the presumptive range is seventy-seven months. The chart contained in North Carolina General Statutes, section 15A-1340.17(e) calls for a maximum sentence of 102 months if a minimum sentence of seventy-seven months is imposed. N.C. Gen. Stat. § 15A-1340.17(e) (2007). Having been convicted of two counts of armed robbery, defendant could and did receive two consecutive sentences with the maximum term of 102 months, which totals 204 months or seventeen years. Accordingly, defendant's counsel properly advised defendant of the maximum sentence he could receive. We conclude defendant did not receive ineffective assistance of counsel.
Defendant next argues that the trial court erred in allowing an attorney to sit on the jury. Defendant, however, did not object to the seating of the juror and defendant did not preserve this issue for appellate review. See N.C. R. App. P. 10(b)(1) (2007) (stating that "[i]n order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion").
Defendant also argues that the trial court erred in allowing the arresting officer to testify wearing his "Police" t-shirt. Again, defendant did not object at trial and has not preserved this issue for appellate review. Id.
Finally, defendant contends the jury did not consider the discrepancies between the Herman brothers' testimony and between the detective's testimony and his notes. Defendant is essentially challenging the sufficiency of the evidence. Defendant moved to dismiss the charges against him and the sufficiency of the evidence issue is properly before us.
The standard for ruling on a motion to dismiss "is whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense." State v. Lynch, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990) (citing State v. Mercer, 317 N.C. 87, 96, 343 S.E.2d 885, 890 (1986)). Substantial evidence is that relevant evidence which a reasonable mind might accept as adequate to support a conclusion. State v. Patterson, 335 N.C. 437, 449-50, 439 S.E.2d 578, 585 (1994) (citation omitted). In ruling on a motion to dismiss, the trial court must consider all of the evidence in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence. State v. Davis, 130 N.C. App. 675, 679, 505 S.E.2d 138, 141 (1998). "Any contradictions or discrepancies arising from the evidence are properly left for the jury to resolve and do not warrant dismissal." State v. King, 343 N.C. 29, 36, 468 S.E.2d 232, 237 (1996) (citing State v. Powell, 299 N.C. 95, 99, 261 S.E.2d 114, 117 (1980)).
The elements of robbery with a dangerous weapon are the unlawful taking or attempt to take personal property from the person or in the presence of another by the use or threatened use of a firearm or other dangerous weapon, whereby the life of a person is endangered or threatened where the taker knows he is not entitled to take the property and intends to permanently deprive the owner of the property.
State v. Morgan, 183 N.C. App. 160, 165, 645 S.E.2d 93, 98 (2007), appeal dismissed and disc. rev. denied, 362 N.C. 241, 660 S.E.2d 536 (2008) (citation omitted).
Here, the State's evidence showed that defendant went to the Rose Lane house under the pretense of obtaining work, that defendant pointed a black pistol at the Herman brothers, and that defendant, with at least three other men, took the Herman Brothers' two trucks and their personal items. Substantial evidence was presented from which the jury could find that defendant committed the offense of robbery with a dangerous weapon. The trial court properly denied his motion to dismiss the charges. This assignment of error is overruled.
In accordance with Anders and Kinch, we have fully examined the record to determine whether any issues of arguable merit appear therefrom and whether the appeal is wholly frivolous. We conclude the appeal is frivolous.
No error.
Judges Robert C. HUNTER and STEELMAN concur.
Report per Rule 30(e).