STATE OF NORTH CAROLINA
v.
THOMAS MICHAEL ADAMS
No. COA09-40.
Court of Appeals of North Carolina.
Filed: August 18, 2009.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Christine A. Goebel, for the State.
William D. Auman for defendant appellant.
ROBERT N. HUNTER, Jr., Judge.
Defendant appeals his common law robbery conviction on grounds that the court below erred, first, in failing to instruct the jury on the lesser included offenses of attempted common law robbery and attempted misdemeanor larceny, and second, in failing to dismiss the charges based on insufficiency of the evidence. We find no error.

I. FACTS
On the evening of 14 August 2005, at the King's Mountain Highway Food Lion, in Gaston County, Mr. Cloninger, the dairy manager, saw Thomas Michael Adams headed for the exit with a bulging coat. Mr. Cloninger observed merchandise packed all around Mr. Adams' person from front to back and inside of his coat. Based upon Mr. Cloninger's retail store experience and Mr. Adams' location, he deduced that the merchandise was not purchased.
Mr. Adams passed hurriedly between check-out registers No. 5 and No. 6 without stopping and headed for the door. Mr. Adams did not attempt to pay for the meat. The dairy manager, who had been gathering "buggies" (i.e., shopping carts) for storage in the corral, shoved the "buggies" in front of Mr. Adams, who was attempting to exit through the double doors, and told him he was not going to leave the store. Mr. Cloninger testified that Mr. Adams retorted that the stuff he had was his, that he had brought it in the store with him, and that he was going to leave the store with the stuff he had. Mr. Adams then raised his closed fist and struck Mr. Cloninger on the head. While Mr. Cloninger was staggering from this blow, Mr. Adams attempted a quick exit. His efforts were foiled when he was tackled and held by a Food Lion employee, an off-duty sheriff's officer, and Mr. Cloninger.
Mr. Cloninger retrieved the Food Lion merchandise, which was packages of meat valued at $60. Mr. Adams was detained until the Gaston County police arrived.
Mr. Adams (hereinafter "defendant") was indicted for common law robbery on 19 September 2005. During his trial, defendant exercised his right to remain silent and offered no other evidence. Following the trial but before the jury had reached its verdict, defendant "was excused to go to the smoking area by counsel," and he left the courthouse. On 23 March 2008, he was found guilty by a jury of common law robbery. An order for his arrest was issued after the verdict was taken. He returned to court for sentencing before Judge Kincaid on 2 September 2008.

II. ISSUES
On appeal, defendant raises two issues. First, he argues the trial court erred in failing to instruct the jury on the lesser included offenses of attempted common law robbery and attempted misdemeanor larceny. Second, defendant argues the trial court erred in failing to dismiss the charge of common law robbery on the basis of insufficient evidence.

III. STANDARD OF REVIEW
As to the first issue, we review the trial judge's decision to instruct the jury on lesser included offenses as dependent upon the controverted evidence presented at trial.
It is well-settled "that the trial court must submit and instruct the jury on a lesser included offense when, and only when, there is evidence from which the jury could find that defendant committed the lesser included offense." But when the State's evidence is positive as to each element of the crime charged and there is no conflicting evidence relating to any element, the submission of a lesser included offense is not required. "The mere contention that the jury might accept the State's evidence in part and might reject it in part is not sufficient to require submission to the jury of a lesser offense."
State v. Porter, ___ N.C. App. ___, ___, ___ S.E.2d ___, ___ (filed 7 July 2009) 2009 WL 1988407 (citations omitted).
As to the second issue, our Court set forth in Morgan the standard of review on a motion to dismiss:
"The standard for ruling on a motion to dismiss is whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense. Substantial evidence is relevant evidence which a reasonable mind might accept as adequate to support a conclusion. In ruling on a motion to dismiss, the trial court must consider all of the evidence in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence. Any contradictions or discrepancies arising from the evidence are properly left for the jury to resolve and do not warrant dismissal."
State v. Morgan, 183 N.C. App. 160, 164, 645 S.E.2d 93, 98 (2007) (quoting State v. Wood, 174 N.C. App. 790, 795, 622 S.E.2d 120, 123 (2005)).

IV. ANALYSIS

A. Lesser Included Offenses
Defendant first argues the trial court erred when it refused to instruct the jury on the lesser included offenses of attempted common law robbery and attempted misdemeanor larceny. Because defendant chose not to present any evidence which controverted the State's evidence that defendant struck the produce manager and others as he attempted to make his escape, we disagree.
Common law robbery is larceny with the addition of the element of violence or intimidation. See State v. Bailey, 4 N.C. App. 407, 411, 167 S.E.2d 24, 26 (1969). We have previously ruled that:
"[W]here the uncontroverted evidence is positive and unequivocal as to each and every element of [common law] robbery, and there is no evidence supporting defendant's guilt of a lesser offense, the trial court does not err by failing to instruct the jury on the lesser included offense of common law robbery."
Morgan, 183 N.C. App. at 170, 645 S.E.2d at 101-02 (quoting State v. Peacock, 313 N.C. 554, 562, 330 S.E.2d 190, 195 (1985)).
Here, defendant "authorized concession of guilt" to misdemeanor larceny on his behalf. The trial judge questioned defendant whether he was indeed authorizing his attorney to admit to the jury that he committed larceny to which defendant replied, "Yes, sir." Defendant did not contradict testimony that he struck the dairy manager at the store. In fact, defendant admits in his brief to striking the dairy manager.
Defendant admitted to larceny, and the State's evidence showed he used violence. Defendant contends in his brief that the violence occurred after the robbery was completed. We disagree. "It is well-settled that `the exact time relationship, in armed robbery cases, between the violence and the actual taking is unimportant as long as there is one continuing transaction amounting to armed robbery with the elements of violence and of taking so joined in time and circumstances as to be inseparable.'" Porter, ___, N.C. App. at ___, ___ S.E.2d at ___ (quoting State v. Hope, 317 N.C. 302, 305-06, 345 S.E.2d 361, 363-64 (1986)).
"[T]he difference between the completed crime[] of . . . common law robbery and the crime[] of . . . attempted common law robbery, is a defendant's success or lack thereof in obtaining the property." State v. Miller, ___ N.C. App. ___, ___, 676 S.E.2d 546, 558 (2009). Here, defendant took the meat from the meat department and hid it under his jacket. In his brief, defendant acknowledges that the "taking" occurred at the back of the store. Therefore, defendant succeeded in obtaining the property and as such was not entitled to an instruction on the lesser included offenses of attempted common law robbery and attempted misdemeanor larceny.
The trial court did not err when it denied giving the jury instruction on the lesser included offenses of attempted common law robbery and misdemeanor larceny, as its ruling was reasoned and based on the uncontroverted evidence. This assignment of error is overruled.

B. Dismissal of Charge
Defendant next argues that it was error for the trial court not to dismiss the common law robbery charge. We disagree.
Defendant argues in his brief that his "actions with respect to the element of `taking' occurred at [the back of the store]." Accordingly, he argues that his "subsequent assault" on the dairy manager should be considered "separate from the previously committed crime." However, defendant also argues in his brief that he could not have committed larceny or common law robbery as the "taking" was never completed because "it [was] undisputed that [defendant] never exited the grocery store."
Similarly, when being questioned by the trial judge, defendant stated he never "threatened" or "assaulted" anyone. This contradicts the admission made in his brief, however, that he assaulted the dairy manager. Where defendant's second argument is contradictory to his first, he defeats his own argument.
Substantial evidence was presented from which the jury could find that defendant committed the offense of common law robbery. The trial court, therefore, properly denied defendant's motion to dismiss the charge. This assignment of error is overruled.

V. CONCLUSION
We hold that the trial court did not abuse its discretion when it denied giving the jury instruction on the lesser included offenses of attempted common law robbery and misdemeanor larceny, as its ruling was reasoned and based on the uncontroverted evidence. We also hold that substantial evidence was presented from which the jury could find that defendant committed the offense of common law robbery, and the trial court's denial of defendant's motion to dismiss the charge was proper.
No error.
Chief Judge MARTIN and Judge STEPHENS concur.
Report per Rule 30(e).