BRYANT, Judge.
Defendant Raeford Lee Morgan appeals from judgments entered upon resentencing for two counts of first degree kidnapping and two counts of robbery with a dangerous weapon. Where defendant's resentencing hearing was free from prejudicial error, we affirm the trial court's ruling.
The underlying factual background for this case can be found in this Court's prior opinion in State v. Morgan , 183 N.C. App. 160, 645 S.E.2d 93 (2007), appeal dismissed and disc. review denied , 362 N.C. 241, 660 S.E.2d 536 (2008). The procedural history relevant to this appeal is as follows: On 10 February 2006, a jury found defendant guilty of two counts of first-degree kidnapping and two counts of robbery with a dangerous weapon. The trial court sentenced defendant as a Level IV offender to two consecutive terms of 133 to 169 months of imprisonment and two consecutive terms of 117 to 150 months of imprisonment. These sentences were to begin at the conclusion of the term of incarceration defendant was presently serving. Defendant appealed, and this Court found no error. Id .
On 4 February 2015, defendant, through counsel, filed a motion for appropriate relief ("MAR") in superior court, arguing that he received ineffective assistance of trial counsel because his attorney failed to present evidence of mitigating factors at his sentencing hearing. On 14 April 2015, Judge Donald W. Stephens entered an order allowing defendant's MAR and granted him a new sentencing hearing. On 26 October 2015, Judge W. Osmond Smith, III, held the hearing, allowing defendant to submit evidence of mitigating factors. At the conclusion of the hearing, Judge Smith entered new judgments upon resentencing. Defendant was given the identical presumptive-range sentences as in the original judgments, but the judgments were altered so that the sentences began to run concurrently as of the date of defendant's original sentencing on 10 February 2006, rather than at the conclusion of the sentences defendant was then serving on that date. This Court allowed defendant's petition for writ of certiorari to review these new judgments on 16 June 2017.
Counsel appointed to represent defendant was unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal and asks that this Court conduct its own review of the record for possible prejudicial error. She has shown to the satisfaction of this Court that she has complied with the requirements of Anders v. California , 386 U.S. 738, 18 L.Ed. 2d 493 (1967), and State v. Kinch , 314 N.C. 99, 331 S.E.2d 665 (1985), by advising defendant of his right to file written arguments with this Court and providing him with the documents necessary for him to do so.
_________________________
On appeal, defendant has filed a pro se brief, arguing that the trial court erred by resentencing him to the same term of imprisonment as he initially received. Defendant argues that Judge Smith failed to weigh his evidence of mitigating factors, that his sentences violated his constitutional rights, and that his sentence was disproportionate to others sentenced for the same or similar offenses. Defendant's arguments lack merit.
Defendant's first argument is contradicted by the transcript of his sentencing hearing. The trial court explicitly stated:
[The Court]: The Court feels it's very appropriate to issue four consecutive judgments for four separate cases of two counts of kidnapping, two counts of robbery with a dangerous weapon. And took into account that the other offense was committed after this offense and he got some consideration for that. And also indirectly, but considered all the mitigating factors you took -- all the mitigating factors you presented I considered.
Moreover, "[d]efendant's notion that the [trial] court is obligated to formally find or act on proposed mitigating factors when a presumptive sentence is entered has been repeatedly rejected." State v. Hagans , 177 N.C. App. 17, 31, 628 S.E.2d 776, 786 (2006). Thus, the trial court did not err by again sentencing defendant to four presumptive-range sentences, even after defendant presented evidence in mitigation.
Defendant's new sentences also do not violate any of his constitutional rights. This Court already determined that there was no double jeopardy issue with defendant's convictions, as "sufficient evidence was presented of a restraint and removal separate from the armed robbery and defendant['s] failure to 'release' the victims to submit the first-degree kidnapping charge to the jury." Morgan , 183 N.C. App. at 167, 645 S.E.2d at 100. Further, "North Carolina courts have consistently held that when a punishment does not exceed the limits fixed by the statute," it does not violate the Eighth Amendment. State v. Evans , 162 N.C. App. 540, 544, 591 S.E.2d 564, 567 (2004). Accordingly, defendant's sentences, which were in the presumptive range, cannot be cruel and unusual or disproportionate under the Eighth Amendment. Defendant's arguments are overruled.
In accordance with Anders , we have fully examined the record to determine whether any issues of arguable merit appear therefrom, including, but not limited to, the potential issues identified by counsel in defendant's principal brief. We agree with counsel that those issues lack merit. We have been unable to find any possible prejudicial error and conclude that the appeal is wholly frivolous. The trial court's order is
AFFIRMED.
Report per Rule 30(e).
Judges TYSON and ARROWOOD concur.